JOHN F. PRITCHARD
*v.*
GEORGE KEEFER.

53  117
34a  80

PRINCIPAL AND AGENT—*how far the former is liable for the unauthorized acts of the latter.* Where a city ordinance authorized the Mayor, by proclamation, to order all persons within the city limits to confine or securely muzzle their dogs, and the city marshal, to carry into effect the provisions of the ordinance, under the Mayor's proclamation, employed an agent directing him to destroy all dogs found running at large and not properly muzzled : *Held*, the marshal would not be liable for the wanton, willful or negligent act of such agent in killing a dog not within the terms of the ordinance and proclamation.

APPEAL from the Circuit Court of Sangamon county; the Hon. BENJAMIN S. EDWARDS, Judge, presiding.

The opinion states the case.

Messrs. CULLOM, ZANE & MARCY, for the appellant.

Messrs. PRICKETT & HAMILTON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit originally brought before a justice of the peace of Sangamon county, by appellant, to recover the value of a dog, from appellee. An appeal was taken to the circuit court, where a trial was had, resulting in favor of defendant below, from which the case is appealed to this court.

It appears that defendant below was the marshal for the city of Springfield, and employed one John Bell, and directed him to shoot dogs running at large in the city without being muzzled; that while so engaged he shot appellant's dog; that Bell stood in the street and shot toward appellant's house and killed his dog, which was at the time

in his door yard. The gate was shut and the yard enclosed by a good picket fence. Bell claimed that he shot at another dog in the street and did not intend to shoot plaintiff's animal; that there was found a number of buckshot in the dog and several in the fence; that the dog shot at in the street did not belong to appellant and was at large without a muzzle; that the animal killed was a good watch and rat dog, worth fifty dollars.

Appellee read in evidence portions of an ordinance adopted by the city, which authorized and required the Mayor, when danger should exist from hydrophobia, to issue his proclamation requiring all persons to restrain their dogs from running at large, or to be securely muzzled, and requiring the city marshal, on the proclamation being issued, to have all dogs running at large without being muzzled, destroyed.

A stipulation was entered into by the parties as follows:

" The parties hereby stipulate that the following proclamation of the Mayor of the city of Springfield, and the ordinance of said city, may be taken and considered as a part of the bill of exceptions in said cause; that the same were published as required by the ordinances of said city; that the dog in question was at large in plaintiff's door yard, without a muzzle; that the same was surrounded by a good picket fence, and the gates were closed at the time he shot."

### MAYOR'S PROCLAMATION.

" Whereas, by section third of an ordinance in relation to dogs, it is made the duty of the Mayor, in case of danger from hydrophobia, to issue his proclamation requiring all persons within the city limits to confine or securely muzzle their dogs; and whereas, it has been satisfactorily shown that hydrophobia actually exists in our midst, and the lives of our people are in great peril on account of the presence of this disease;

" Now, therefore, I, N. M. Broadwell, Mayor of the city of Springfield, do hereby issue this, my proclamation, calling

upon and requiring all owners of dogs within this city, to immediately confine their dogs, or securely muzzle them with a wire muzzle, and continue such guards against the spread of hydrophobia until otherwise ordered; hereby warning all persons who neglect the observance of the law in this regard, that all dogs found at large without muzzles will be instantly killed.

"Done at the Mayor's office, this, the 30th day of April, A. D. 1869."

The following section of the ordinance referred to in the stipulation, is that under which the Mayor issued his proclamation, and under which the marshal employed Bell:

"SEC. 3. When danger of hydrophobia may be deemed to exist in or near the city, the Mayor or city council may, by proclamation, or by notice in the daily newspapers of the city, or by printed hand bills, require all persons to confine all dogs, or securely muzzle them with a wire muzzle, for such time as may be designated in such proclamation or notice, or until otherwise ordered; all dogs found running at large in the city, contrary to the provisions of this ordinance, whether owned or kept within or without the city, shall be destroyed by the marshal or any policeman, and the owner or keeper of any such dog who shall knowingly permit the same to run at large, contrary to the provisions of this section, shall be subject to a penalty of not less than five dollars."

So far as we can discover, from the evidence in this case, there is nothing to charge appellee in an action of trespass in the killing of this dog. He only directed Bell to kill dogs found running at large in the city without being muzzled, as directed by the Mayor's proclamation. He gave no direction to kill this dog, or dogs generally which were confined and not running at large. How he could be held liable for the trespasses of Bell, perpetrated without the direction or sanction of appellee, we are at a loss to perceive. Had he advised or

encouraged the act, then he would have been liable as a tres-.passer, but until connected with the act in some mode, he can not be liable in trespass.

Nor are there any circumstances showing that appellee was guilty of any neglect of duty that would have rendered him liable in an action on the case, even if a justice of the peace had jurisdiction in that form of action. He employed Bell to carry into effect the ordinance under the Mayor's proclamation, and if he wantonly, willfully or negligently killed appellant's dog, appellee should not be held liable if he did his duty. Unless appellant's dog had been at large when killed, the question cannot arise whether the ordinance and proclamation conferred power to kill such animals. Had the dog been within the terms of the ordinance and proclamation, then their constitutionality would have arisen, but it does not on this record. The judgment of the court below must be affirmed.

*Judgment affirmed.*